UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| IN THE MATTER OF:<br>NARDY AWILDA VELEZ SANTAELLA<br>Debtor(s) | CASE NO: 17-02159 MCF<br><br>CHAPTER 13 |

## NOTICE OF POST CONFIRMATION MODIFICATION OF PLAN

TO THE HONORABLE COURT:

COMES NOW, debtor(s) through the undersigned attorney and to this Honorable Court respectfully state(s), allege(s) and pray(s) as follows:

1. Debtor(s) is submitting an amended plan dated February 21, 2020, with this Notice. The purpose of the amended plan is to clarify part 4.6.

2. That the plan herein attached complies with the provisions of the Chapter 13 and all other applicable provisions of title 11 of the United States Code. The plan has been proposed in good faith and not by any means forbidden by law. The value as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claims is not less than the amount that would be paid on such claims if the estate of the debtor were liquidated under chapter 7 of the Bankruptcy Code on such date; and Debtors will be able to make all payments under the plan and to comply with the plan.

WHEREFORE, it is respectfully requested from this Honorable Court to approve the attached post confirmation plan dated February 21, 2020.

## 21 DAYS NOTICE:

Within twenty-one (21) days after service as evidence by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless:

(1) the requested relief is forbidden by law. (2) The requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

CERTIFICATE OF SERVICE: I hereby certify that on this same date the foregoing motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

Respectfully submitted,

In Bayamon to San Juan, Puerto Rico this February 21, 2020.

*JAIME RODRÍGUEZ LAW OFFICE, PSC*
Attorney for Petitioner(s)
Urb. Rexville, BB21 calle 38
Bayamon, PR 00957-4135
Tel: (787)797-4174
Fax: (787)730-5454
bayamonlawoffice@yahoo.com

ELECTRONICALLY FILED
S/ Jaime Rodríguez-Pérez, Esq.
USDC-PR 221011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In Re:
**NARDY AWILDA VELEZ SANTAELLA**

xxx-xx-6705

Puerto Rico Local Form G

**Chapter 13 Plan dated** February 21, 2020

Case No.: **17-02159 MCF**

Chapter 13

☐ Check if this is a pre-confirmation amended plan

☑ Check if this is a post confirmation amended plan
Proposed by:
☑ Debtor(s)
☐ Trustee
☐ Unsecured creditor(s)

If this is an amended plan, list below the sections of the plan that have been changed.
4.6

## PART 1: Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## PART 2: Plan Payments and Length of Plan

2.1     Debtor(s) will make payments to the trustee as follows:

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $465.00 | 25 | $11,625.00 | |
| $755.00 | 35 | $26,425.00 | |

| Debtor | **NARDY AWILDA VELEZ SANTAELLA** | Case number | **17-02159** |
|---|---|---|---|
| Subtotals | **60** Months | $38,050.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply*
- [ ] Debtor(s) will make payments pursuant to a payroll deduction order.
- [x] Debtor(s) will make payments directly to the trustee.
- [ ] Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
- [x] **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## PART3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
- [ ] **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- [ ] The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of Creditor | Collateral | Current installment payments (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| | | Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | | | | |

*Insert additional claims as needed.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*
- [x] **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
- [x] **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

| Debtor | NARDY AWILDA VELEZ SANTAELLA | Case number | 17-02159 |

3.4 **Lien Avoidance**.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**

☑ Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| JEFFERSON CAPITAL SYSTEM LLC | 160.00 | |

*Insert additional claims as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

☑ Secured claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of creditor | Claim ID# | Claim Amount | Modified interest rate | Modified term (*Months*) | Modified P&I | Property taxes (*Escrow*) | Property Insurance (*Escrow*) | Total monthly payment | Estimated total PMTs by trustee |
|---|---|---|---|---|---|---|---|---|---|
| JEFFERSON CAPITAL SYSTEM LLC | $27,406.39 | CLAIM 3 ☑ To be paid in full 100% | | | | | | | $27,406.39 |

*Insert additional claims as needed.*

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**
Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

| Debtor | **NARDY AWILDA VELEZ SANTAELLA** | Case number | **17-02159 MCF** |
|---|---|---|---|

**4.3** **Attorney's fees**

Check one.

☑ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

☐ **Fee Application:** The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ 300.00 |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ 3,140.00 |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ |

**4.4** **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in

| **Name of priority creditor** | **Estimate amount of claim to be paid** |
|---|---|
| | |

*Insert additional claims as needed.*

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**4.6** **Post confirmation property insurance coverage**
*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

| **Name of creditor insured** | **Insurance Company** | **Insurance Company begining date** | **Estimated insurance premium to be paid** | **Estimated total payments by trustee** |
|---|---|---|---|---|
| JEFFERSON CAPITAL SYSTEM LLC | EASTER AMERICAN INSURANCE | 03/2021 | $54.00 | $432.00 |

Disbursed by:
x Trustee
 Debtor(s)

## PART 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

☐ The sum of $ .
☐ ____% of the total amount of these claims, an estimated payment of $_____.
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.
☑ If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **1,921.00** .

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3** **Other separately classified nonpriority unsecured claims.**
*Check one*.

| Debtor | **NARDY AWILDA VELEZ SANTAELLA** | Case number | **17-02159** |
|---|---|---|---|

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1** **Property of the estate will vest in the Debtor(s) upon**
*Check the appliable box:*
☐ Plan confirmation.
☑ Entry of discharge.
☐ Other: _____

**7.2** **Plan distribution by the trustee will be in the following order:**
(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – Arrearage payments
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

**8.1** **Check "None" or list the nonstandard plan provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.2. TAX REFUNDS: Tax refunds will be devoted each year, as periodic payments, to the plan's funding until plan completion the tender of such payments shall deem the plan modified by such amount, increasing the plan base thereby without the need of further notice, hearing or court order. If need be for the use by the Debtor(s) of a portion of such refund, Debtor(s) shall seek the Court's authorization prior to any use of funds.**

**ALREADY PAID BY TRUSTEE TO BANCO POPULAR $194.54**

| Debtor | **NARDY AWILDA VELEZ SANTAELLA** | Case number | **17-02159** |
|---|---|---|---|

*Insert additional lines as needed.*

## PART 9: Signature(s)

| /s/ JAIME RODRIGUEZ PEREZ | Date | February 21, 2020. |
|---|---|---|
| **JAIME RODRIGUEZ PEREZ 221011** | | |
| Signature of Attorney of Debtor(s) | | |

| /s/ NARDY AWILDA VELEZ SANTAELLA | Date | February 21, 2020. |
|---|---|---|
| **NARDY AWILDA VELEZ SANTAELLA** | | |

**By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.**